ROBERT GREENTHAL *vs.* LINCOLN, SEYMS AND COMPANY, ET AL.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A transfer of property made in violation either of the insolvent law or of the statute against fraudulent conveyances, is not absolutely void but only voidable. In the former case it can be avoided only by proceedings in insolvency and for the benefit of the insolvent estate; in the latter only at the instance of creditors or those who represent them.

If a creditor attaches the property and takes it from the possession of the fraudulent vendee, he can justify, when sued by the latter, only by averring and proving that he was a creditor of the fraudulent vendor and attached the property as his; and mere proof of these facts without any averment thereof in the answer, is insufficient to support a judgment in favor of the defendant.

Under the Practice Act, as fully as at common law, all pleadings must set up the material facts on which the pleader relies.

A judgment based upon facts found by the trial court but not involved in the issue raised by the pleadings, is erroneous and cannot be upheld. A failure to demur, or to object to the evidence offered to prove the facts found, does not preclude the losing party from asserting and taking advantage of the error on appeal.

[Argued February 5th—decided February 21st, 1896.]

ACTION to recover damages for the conversion of a stock of merchandise, brought to the District Court of Waterbury and thence by the defendants' appeal to the Superior Court

in New Haven County, and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error, new trial granted.*

A general denial was pleaded, and afterwards an amended answer setting up that on March 1st, 1895, one Henry Greenberg owned the goods and was hopelessly insolvent, as the plaintiff well knew; that he thereupon transferred them to the plaintiff with a view to insolvency and with the fraudulent purpose of concealing his property from his creditors, and to keep it out of their reach; all which the plaintiff well knew; that the plaintiff was a New York lawyer and a son-in-law of Greenberg, and by said transfer fraudulently intended to aid him in keeping said goods out of the reach of his creditors; and that on April 1st, 1895, Greenberg had been thrown into insolvency before the proper Court of Probate, and one Porter I. Wood appointed trustee of his insolvent estate. The plaintiff replied that he had no knowledge or information sufficient to form a belief as to the alleged insolvency proceedings in the Court of Probate, and traversed the other allegations of the amended answer.

The finding of facts made by the Superior Court showed that Greenberg, on March 2d, 1895, being the owner of the goods and hopelessly insolvent, conveyed them with a view to insolvency, by a proper bill of sale, reciting a consideration of a "valuable sum in dollars," but in fact not made in good faith nor in the regular course of business, to the plaintiff, who took possession about midnight. Just before the transfer, Greenberg had purchased, with intent to defraud his creditors, all the goods for which he could obtain credit, and in some unknown way had disposed of a large part of them, for which he had never paid. The transfer to the plaintiff was made to cheat and defraud his creditors and to conceal his property from them. The plaintiff received it knowing all these facts, and in order to aid Greenberg in carrying out his fraudulent scheme. The plaintiff never acquired title to the goods, or right to their possession. On March 6th, the defendants, being creditors of Greenberg,

attached the goods as his property; and this action was brought against them for a conversion, on March 16th. On April 1st, Greenberg was duly adjudged to be an insolvent debtor, in the proper Court of Probate, and Porter I. Wood was duly appointed trustee in insolvency of his estate.

The plaintiff appealed to this court, assigning for error that the finding that he had no title to the goods was inconsistent with the finding that they were transferred to him by bill of sale and possession taken; that the finding that the defendants were attaching creditors was outside of the issue; and that it did not appear that the trustee in insolvency had taken any steps to set aside the transfer.

*James E. Russell*, for the appellant (plaintiff).

The court finds that "on March 6th, 1895, the defendants, Lincoln, Seyms & Co., being creditors of Greenberg, attached said goods as the property of said Greenberg." No such defense is presented by the pleadings. A judgment upon it is therefore of no force; it is entirely aside from the issues raised in the record. Practice Act, Rule 4, § 6; Bliss, Code Pleading, §§ 327–352; *Powers* v. *Mulvey*, 51 Conn., 432; *Atwood* v. *Welton*, 57 id., 514; *Duluth National Bank* v. *Knoxville Fire Ins. Co.*, 85 Tenn., 76; *Everts* v. *Agnes*, 4 Wis., 343. That portion of the finding which relates to facts which were not within the issue, must be treated as a nullity. *Gaylord* v. *Couch*, 5 Day, 230; *Sanford* v. *Thorp*, 45 Conn., 241; *Rorer Iron Works* v. *Trout*, 83 Vir., 397; *Boone* v. *Chiles*, 10 Pet., 177. It cannot be said that the plaintiff did not make this point in the court below. He did not know that the court would find a number of facts, or a single material fact, not alleged by either the one side or the other. *Atwood* v. *Welton, supra*. The effect of the fraudulent conveyance to Greenthal was to clothe him with the title; and this title as to all the world, except the creditors of Greenberg, was good. General Statutes, § 2528; Pollock on Torts, 300; *Benton* v. *Jones*, 8 Conn., 186; *Chapin* v. *Pease*, 10 id., 69; *Owen* v. *Dixon*, 17 id., 492; *Birdsey* v. *City Fire Ins. Co.*, 26 id., 165; *Darcy* v. *Ryan*, 44 id., 518; *Gilligan* v.

*Lord,* 51 id., 562. If not fraudulent or prejudicial to creditors, then under the settled law there can be no question as to the insolvent's right to transfer. *Barbour* v. *Conn. Mut. Life Ins. Co.,* 61 Conn., 240 ; 1 Sw. Dig., 443. It does not appear by the pleadings, or by the finding of the court, that the trustee on the insolvent estate of Greenberg seeks to set aside the transfer in question. Though appointed trustee, our insolvent law imposes no absolute obligation upon him to spend money in solving the validity of the transfer in question. *Filley* v. *King,* 49 Conn., 211.

*J. Gilbert Calhoun,* for the appellees (defendants).

The court finds that Greenberg made a transfer, and that the transfer was void under § 501 of the General Statutes. As between Greenberg and Greenthal the transfer may have been effectual, but this is not an action between Greenberg and Greenthal ; it is between Greenthal and a creditor of Greenberg's, and when the court finds that Greenthal has obtained no title which he can maintain against these defendants, it finds thereby that the defendants are persons whose debt or duty is affected by the transfer. As to them, the statute deprives the plaintiff of the title he might otherwise have obtained. When a material fact is found from more detailed or subordinate facts, not as a conclusion of law, but as a conclusion of fact, only the main or resulting fact should be set forth in the finding. *Gilbert* v. *Walker,* 64 Conn., 390 ; *Curtis* v. *Bradley,* 65 id., 99. In an action of trover for conversion the defendant has the right, under the general issue, to prove title in a third person. *Belden* v. *Allen,* 61 Conn., 173. It was therefore entirely competent for the defendants, under their answer of general denial, to prove that the plaintiff had been a party to a fraudulent conveyance, which, as against them, gave him no title at all ; to prove that they were creditors of the fraudulent vendor and thus entitled to the protection of the statute, and that, in attaching the property as that of their debtor, they were not liable for conversion. The defendants added a special answer, setting up the details of the fraudulent conveyance under which

the plaintiff claimed his title. They did not, however, say in the special answer that they were creditors of the fraudulent vendor; but this was unnecessary. *Lord* v. *Russell*, 64 Conn., 87. The plaintiff certainly could not have been misled by this omission. It was an early interpretation of our Practice Act that all formal and technical objections be made known as early as practicable, and be disposed of before the trial of a case upon its merits. *Trowbridge* v. *True*, 52 Conn., 197; *Donaghue* v. *Gaffy*, 53 id., 52. As the plaintiff chose not to demur to the defendant's special answer, but to go to trial upon the merits of the case, and as he chose to make no formal objection to the introduction of evidence proving that the defendants were creditors of Greenberg, he is barred from raising the question now. *Powers* v. *Mulvey*, 51 Conn., 433; *Santo* v. *Maynard*, 57 id., 161; *Merwin* v. *Richardson*, 52 id., 233. It is suggested, on the authority of *Atwood* v. *Welton*, 57 Conn., 514, that this was new matter; but the question there decided was as to an entirely new defense, the relation of the parties having materially changed. In the case at bar there has been no new defense, only perhaps it was more fully presented at the trial than in the pleadings.

BALDWIN, J. By General Statutes, §§ 501, 504, all transfers of property by any person in failing circumstances, with a view to insolvency, shall be void, which are not in writing for the benefit of all his creditors, and lodged for record in the proper Court of Probate; but no transfer otherwise valid is to be thus made void, unless proceedings in insolvency are instituted in such court within sixty days. Section 2528 further provides that all fraudulent conveyances or contracts "made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators, or assigns, to whom such debt or duty belongs."

The effect of these statutes is to make such a conveyance as that under which the plaintiff claims, not absolutely void, but only voidable. A transfer of the kind described in § 501

is only voidable by proceedings in insolvency and for the benefit of the insolvent estate; one of the kind described in § 2528 is voidable only at the instance of creditors or those who may represent them.

The answer originally put in by the defendants was a general denial, but when they subsequently filed what they termed an "amended answer," which purported to be in itself a complete answer to the whole· complaint, it took the place of the general denial and operated as a withdrawal of that defense.

A general denial is only permissible under the Practice Act when it is intended in good faith to controvert all the allegations of the complaint. General Statutes, § 874. The defendants' amended answer did not deny and therefore admitted most of the plaintiff's averments. Practice Book, p. 16, Rule IV., § 4.

Our statutes formerly gave the defendant a right to plead, by special leave of the court, as many several matters by distinct pleas as he should think necessary for his defense. General Statutes, Rev. of 1875, p. 424, § 11. This provision was expressly repealed by the Practice Act. Practice Book, p. 8, § 29; General Statutes, Rev. of 1888, § 1015. Had it been retained in force, one of the main purposes of the new system of pleading would have been frustrated. The Practice Act distinctly abandoned the professed aim of the common law to bring every legal controversy to an issue upon some single, certain, and material point. *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn., 551, 560. Instead of this, it was provided that no issue need be joined on a demurrer, and that the denial of any material allegation should constitute an issue of fact. Practice Book, p. 17, § 12. (Any number of issues might be raised by answer, but it must be in one and the same answer though the defenses were separate.) The object of the change was, in large part, to secure from the pleader admissions of the truth of whatever he knew to be true or (having knowledge or information sufficient to form a belief) did not believe to be untrue, in the material allegations of the adverse party. Prac-

tice Book, pp. 16, 17, Rule IV., §§ 4, 5, 7. There are few complaints in which all that is averred can be honestly denied. That in the present action was no exception to the rule, and the defendants, therefore, could not properly stand upon a general denial. They had taken the goods, and taken them forcibly from the plaintiff's possession. The only questions were those of the lawfulness of his possession, and so of his title, when challenged by the creditors of his assignor. The amended answer was framed with this view, and such an amendment necessarily waived and superseded the general denial. It was, however, apparently based upon the erroneous theory that a conveyance within the terms of § 501 was *ipso facto* avoided, if insolvency proceedings were taken within sixty days after it was made. This not being the law, the defendants, who did not deny that they had forcibly taken the goods from the plaintiff's possession, could only justify by showing that they were creditors of the assignor, and had attached the goods as his property. But if such facts were to be proved, it was necessary that they should be pleaded. Under the Practice Act, as fully as at common law, all pleadings must set up the material facts on which the pleader relies. General Statutes, §§ 874, 880; Practice Book, p. 16, Rule IV., § 6.

The finding of the Superior Court that the defendants were attaching creditors, being without the issue, cannot support the judgment.

It is contended by the defendants that by failing to demur to their answer, or to object to the evidence of the attachment and of the debt upon which it was founded, the plaintiff opened the door for the proof of those facts and cannot now be heard to complain of the effect which the court gave to them. There is no such rule of practice, nor could there be without subverting those principles on which the science of pleading rests. Every motion in arrest, or writ of error, grounded on the insufficiency of the pleadings to support a judgment, would be open to a similar objection. *Todd* v. *Munson*, 53 Conn., 579. The verity of records and the conclusiveness of judgments alike require that the facts deter-

mined should be those only which are within the issues joined.

The defendants' answer was not a defective statement of title which a verdict or judgment might cure. It was not even a statement of a defective title. No title whatever was stated, and for aught that appeared in their pleadings, they might have been mere marauders, who seized and carried off the plaintiff's goods without claim of right.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.