ABBIE E. FARNHAM *vs.* LOUIS SCHREIBER ET ALS.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 10th—decided March 3d, 1930.

*Ralph M. Grant,* for the appellant (plaintiff).

*A. J. Palmer,* with whom, on the brief, was *Saul Berman,* for the appellees (defendants Mary M. Schreiber and Louis Schreiber, Inc.).

BANKS, J. The complaint alleges that the defendants Louis Schreiber and Jennie Scheiber by their note dated January 24th, 1927, promised to pay Joseph Rosenblum or order $9420, in instalments as set forth therein; that the note was indorsed to the plaintiff, who still owns it, and that there is due and unpaid upon it $9020. The court rendered judgment in favor of the plaintiff against those defendants for the amount found due upon the note and from that judgment no appeal was taken. The writ named two other defendants, Mary Schreiber and Louis Schreiber, Incorporated. The only allegations in the complaint concerning these two defendants are contained in paragraphs five and six of the complaint which read as follows: "5. The defendant, Mary Schreiber, is the holder of a large number of shares of the capital stock of the defendant, Louis Schreiber, Incorporated, holding said shares of capital stock for and in behalf of the defendants, Louis Schreiber and Jennie Schreiber. 6. The defendants, Louis Schreiber and Jennie Schreiber, are the owners of a large number of shares of the capital stock of the defendant, Louis Schreiber, Incorporated."

The court found that the defendants Louis Schreiber and Jennie Schreiber organized Louis Schreiber, Incorporated, for the purpose of dividing their property

among their four daughters, and in its finding set forth the facts in connection with the formation of the corporation, the subscription to its capital stock, and the issue of shares to the daughters of Louis and Jennie Schreiber, including the defendant Mary Schreiber. The plaintiff claimed upon the trial that the corporation was organized for the purpose of avoiding the liability of Louis and Jennie Schreiber upon the plaintiff's note, and that the transfer of their property was without consideration and void, which claims the court overruled and rendered judgment in favor of these defendants.

The issue apparently tried and decided by the court was whether the defendants Louis and Jennie Schreiber, through the formation of this corporation and the issue of stock in it to their daughters, effected a fraudulent transfer of their property for the purpose of avoiding the payment of the plaintiff's note. The complaint contains no allegations of such transfer. It contains no allegations whatever of any facts upon which a judgment against the appellees could be based. If the court had found a fraudulent conveyance its judgment could not have stood since it would have been beyond the issues framed by the pleadings. *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 35 Atl. 266; *McKenna* v. *Whipple,* 97 Conn. 695, 702, 118 Atl. 40. Since no cause of action is alleged against these appellees no valid judgment could be rendered against them under this complaint. Their failure to demur would not justify a judgment against them upon an issue not within the pleadings. *Greenthal* v. *Lincoln, Seyms & Co., supra; Stein* v. *Coleman,* 73 Conn. 524, 48 Atl. 206. Since the judgment in favor of these appellees is the only one which could legally be rendered upon this complaint, it must be sustained though based by the court upon other grounds than the insufficiency

of the complaint. *Casner* v. *Resnik,* 95 Conn. 281, 284, 111 Atl. 68; *Woods* v. *Lavitt,* 110 Conn. 668, 149 Atl. 392.

There is no occasion to consider whether the situation indicated by the facts found by the trial court, and those which the plaintiff claimed should have been found, would have entitled her to a judgment against these appellees upon a complaint adequately alleging such facts. If the transfer of the property or of the shares can be shown to have been fraudulent, the plaintiff has her remedy in an action based upon the judgment in this case, in which the rights of all the parties can be determined. *Owen* v. *Dixon,* 17 Conn. 492; *Greenthal* v. *Lincoln Seyms & Co., supra; Allen* v. *Lyness,* 81 Conn. 626, 631, 71 Atl. 936; *Nowsky* v. *Siedlecki,* 83 Conn. 109, 112, 75 Atl. 135.

There is no error.

In this opinion the other judges concurred.