## P. A. Woods, Trustee, vs. Max Lavitt et als.

First Judicial District, Hartford, January Term, 1930.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued January 7th—decided March 3d, 1930.

*William M. Greenstein,* for the appellant (defendant Max Lavitt).

*Raymond R. Bowers,* for the appellee (defendant Hyde).

*Frederick R. Manning,* for the appellee (plaintiff, Woods, Trustee).

Per Curiam.   This is an action brought originally against Max Lavitt, Paul Lavitt, and three others later dropped as parties, alleging the conversion of a crop of tobacco mortgaged by Alex Zelinsky to the defendants, taken into their possession and sold or otherwise disposed of by them.   Max Lavitt made a motion that Zelinsky and William S. Hyde be made codefendants, alleging the purchase of the tobacco from Zelinsky free and clear of incumbrances and an assignment of Zelinsky's claim for the purchase price to Hyde and his collection of the money due thereon. The trial court granted the motion, ordered the plain-

tiff to amend his complaint to make them codefendants, and summoned them to appear. The plaintiff filed no amendment. On the trial the court treated the allegations of the motion as a part of the complaint and, upon the facts found, gave judgment for the plaintiff against Max Lavitt and Zelinsky and for Paul Lavitt and Hyde. From this judgment neither the plaintiff nor Zelinsky has appealed, but the defendant Max Lavitt has, claiming that the trial court erred in not giving judgment against the defendant Hyde and in refusing to hear evidence as to the assignment of Zelinsky's claim to Hyde.

The trial court was of course in error in treating the allegations of the motion as a part of the complaint. They served merely to put before the court the grounds upon which the claim was made for the summoning of the additional parties and could not afford any basis for a judgment against them. Moreover, in this case the allegations were made by the defendant Max Lavitt and could not properly be regarded by the court, in the absence of some assumption of them by the plaintiff, as though made by him. A judgment for the plaintiff against Hyde would not find any support in the pleadings and would necessarily be erroneous. Max Lavitt has filed no cross-complaint in the action which would enable him to recover a judgment against Hyde. There is no possible basis in the pleadings for any judgment against him and, whether or not the reasons which led the trial court to decide in his favor were sound, that judgment, being the only one which could legally be rendered, must stand. *Woodward's Appeal*, 81 Conn. 152, 168, 70 Atl. 453; *Campbell* v. *New York, N. H. & H. R. Co.*, 92 Conn. 322, 330, 102 Atl. 597; *Casner* v. *Resnik*, 95 Conn. 281, 284, 111 Atl. 68. Nor would

proof of an assignment by Zelinsky to Hyde, had it been made, have altered this result.

There is no error.