## MAGDALENA MUSIAL
### vs.
## STATE OF CONNECTICUT

Superior Court     New Haven County     File #46433

Present: Hon. EDWIN C. DICKENSON, Judge.

Joseph Shelnitz,           Attorney for the Plaintiff.

Watrous, Hewitt,
  Gumbart & Corbin,
The Attorney-General,          Attorney for the Defendant.

## MEMORANDUM FILED SEPTEMBER 24, 1935.

DICKENSON, J.   The plaintiff sued the State of Connecticut alone for the negligence of an alleged employee.   The State answered that the alleged employee was not an employee for whose acts it was responsible.   The plaintiff then was granted a motion to cite in the alleged employee.   The officer set up in his return of this that it was impossible to make service upon the alleged employee as he had left the state and that "therefore under the statute" he sent to the defendant a copy of the complaint and citation addressed to his last known address by registered mail and left a copy with the Commissioner of Motor Vehicles with the fee required.

Obviously the statute referred to is **Sec. 5473.**

"The obvious purpose of this section was to afford a means by which the equivalent of personal service might be made upon a non-resident although he was not actually within the State."   **Coombs vs. Darling, 116 Conn. 643-647.**

The return day of the writ against the alleged employee was the first Tuesday in September 1935, which was September 3rd.   The postal return receipt signed the "addressee's agent" is dated September 5, 1935.   The return was filed with the clerk the same day.

This defendant, entering specially, moves to strike from the docket because of the late return.

The matter may not be cured by amendment.   **Safford vs. Morris Metal Products Co., 99 Conn., 372.**   Nor has the court authority to permit a late return at least without consent of the defendant.

The importance of notice to the non-resident is emphasized in **Hartley vs. Vitello, 113 Conn., 74** and it is said therein

(P. 79) that "Under our law . . . . the officer making the service must indorse his doings upon the writ and complaint and return it to court a certain number of days before the return day." It is further said that "all he (the officer) is required to do, having served the copy upon the commissioner, is to attest another copy, endorse upon it that service, put it in an envelope, address it and mail it to the defendant." No registry receipt is required (P. 80.).

In the instant case it appears the notice was sent to the defendant's address first, i.e. on August 13th, and that "thereafter" the officer left a copy with the Commissioner.

Passing the fact that he reversed the prescribed method of serving on the commissioner first, it does not appear when he served on that official. **Hartley vs. Vitello, supra, P. 80.**

While his notice to the defendant was sent in ample time it does not appear his service upon the Commissioner was made in time and his return is patently eight days late.

The citation was no part of the original action. **Woods vs. Lavitt, 110 Conn., 668.**

So far as this defendant was concerned it was an original action and the return being late, of no effect. **Williams vs. Ives, 25 Conn., 568.**

The motion to strike out is granted.