GERTRUDE B. STANIO v. THE BERNER LOHNE COMPANY, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued December 4, 1940—decided January 10, 1941.

· *Franklin Coeller* and *Edward J. Brennan,* for the appellant (plaintiff).

*Lyman H. Steele,* for the appellee (defendant Merwin).

*Joseph I. Sachs,* with whom, on the brief, was *Manuel S. Sachs,* for the appellees (named defendant et al.).

AVERY, J. The plaintiff purchased a tract of land with a house and barn thereon, bounded northerly along the southerly highway line of Ansonia Road in Woodbridge. She brought this action against the seller, The Berner Lohne Company, and against Martin Lohne, an officer of the company, and L. Harry Merwin, a real estate broker who negotiated the sale. In her complaint, she claimed that by reason of the false representations and concealment of the defendants she had been led to believe that the northerly boundary of the property extended to the southerly visible line of Ansonia Road, as it existed at the time of the purchase, and that in fact the line of the highway was located approximately twenty-five feet southerly of the visible road line and about eight feet northerly of the front of a dwelling house on the premises. The case was tried to the court and the court has found these facts: The premises in question were part of a larger tract purchased by Fred and Charlotte M.

Tattersall on July 15, 1935. The defendant Harry Merwin was the agent of the seller. On March 7, 1936, the Tattersalls conveyed to the state of Connecticut by metes and bounds a strip of land along the northerly boundary of the property adjacent to Ansonia Road. The defendant Merwin at the request of the sellers, acted as a witness to the deed but did not read it and did not know the quantity or description of the land conveyed or the contents or provisions of the deed. This deed was recorded in the Woodbridge land records April 6, 1936. Subsequently, the state widened the road adjacent to the Tattersall property, laid a permanent pavement, changed the grade between the Tattersall house and the traveled portion of the road, built a rock garden, a retaining wall and cement steps on the land north of the house and south of the traveled portion of the road, leaving the land and road as an apparently permanent layout.

In February, 1938, Tattersall placed on the market through Merwin, his broker, the entire tract owned by him with the exception of a few lots previously sold. During the month of April, the plaintiff, acting through another real estate agent, Mrs. Warnock by name, became interested in purchasing a part of the property. She visited the premises with her husband on several occasions and was shown by Mr. Tattersall a piece which, at the request of Mrs. Warnock, he had staked out as the piece to be sold to the plaintiff. Being unable to effect a purchase through Mrs. Warnock, the plaintiff got in touch with the defendant Merwin and, through him, with the defendant Martin Lohne. As a result of further negotiations, The Berner Lohne Company agreed to buy the entire tract of the Tattersalls and to sell a part, three hundred feet front by five hundred feet depth, more or less, to the plaintiff. The two deeds consummating the transaction

were drawn and the titles closed at the office of a firm of conveyancers in New Haven. At that time, the plaintiff was shown, and carefully examined, two surveys which accurately showed the location of the house with respect to the southerly line of Ansonia Road, and the plaintiff examined her deed and the description of the land conveyed therein was read to her.

The trial court has found that the exact location of the northerly boundary line of the property was not comprehended or known by either the plaintiff or any of the defendants until some time after the sale; that at no time prior to the sale did the defendant Merwin show or indicate to the plaintiff the boundaries of the property to be sold to her or discuss with her or make any representations concerning the boundary lines; nor did the plaintiff or her husband inquire of any defendant regarding the northerly boundary of the property or rely on any representations or statements made by the defendants; that no defendant by word or action indicated or attempted to indicate where the northerly boundary might be or made any misrepresentations or misstatements or false or fraudulent representations with respect thereto; and the plaintiff stood upon substantially the same ground as the defendants as regards information as to the location of the boundary and the means to determine it. Although the plaintiff has assigned error in these findings, no evidence has been certified and there is no basis upon which any correction can be made by us. There was no concealment by either of the defendants of the location of the boundary, no occasion calling upon them to point it out, and no circumstances such that their silence would produce a false belief in the mind of the plaintiff; and its location could as easily have been ascertained by the plaintiff as by the defendants. There was no such fraudulent concealment

as would justify a recovery by her. *Watertown Savings Bank* v. *Mattoon,* 78 Conn. 388, 393, 62 Atl. 222; *Gayne* v. *Smith,* 104 Conn. 650, 652, 134 Atl. 62. Therefore, the conclusion of the court that there was no fraud on the part of any of the defendants is inescapable.

With reference to the appellant's claim of estoppel, aside from the fact that there is no basis in the facts upon which an estoppel could arise in favor of the plaintiff, she could not base a recovery upon that ground; estoppel "is available only for protection, and cannot be used as a weapon of assault." *Dickerson* v. *Colgrove,* 100 U. S. 578, 580; *Webb* v. *Moeller,* 87 Conn. 138, 142, 87 Atl. 277; *Warner Glove Co.* v. *Jennings,* 58 Conn. 74, 85, 19 Atl. 239; 19 Am. Jur. 639.

The ruling on evidence to which exception was taken does not require discussion.

There is no error.

In this opinion the other judges concurred.