### The Lake Garda Improvement Association *v.* Lake Garda Company, Inc., et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued November 4—decided December 2, 1948

*Carlos A. Richardson* and *Edward B. Scott,* for the appellants (defendants).

*J. Robert Lacey,* for the appellee (plaintiff).

Jennings, J. The defendants appeal from a judgment restraining them from interfering with the plaintiff in its use of a dam, roadway and beach at the north end of Lake Garda in Farmington. The finding and conclusions show that the judgment was based on a conclusion that the property had been dedicated and on equitable estoppel. A principal ground of appeal is that these issues were not within those framed by the pleadings or asserted at the trial and that they

first appeared in the memorandum of decision. The defendants claim that they were thereby prevented from objecting to the consideration of or defending against dedication and estoppel.

The allegations of the complaint may be summarized as follows: The plaintiff is a specially chartered corporation consisting of the owners of real estate around Lake Garda as defined by a map. It "was formed among other things for the purposes of constructing and maintaining the bridges, roads, dams, beaches and other areas within said territory, for the general benefit of all owners of property within said territory." In September, 1930, a roadway, dam and beach were constructed, "which said beach has been used by members of the plaintiff association, their families and friends for the purpose of bathing in the waters of Lake Garda." Commencing about May 1, 1946, the defendants "have deprived and are preventing landowners in said territory and members of the plaintiff association from the lawful use and enjoyment of said beach." The plaintiff claimed the record title to the property in question and also title by adverse possession by itself and its members. It prayed for an injunction restraining the defendants from interference with its use of the dam, roadways and beach. The defendants filed a general denial and an affirmative defense alleging record title in one of them.

The issue thus framed presented the simple question of title to the land in dispute. The complaint contains no allegations of dedication or estoppel or any facts on which those claims could be based. Furthermore, even if dedication were established, that fact would not support a claim of title but only of rights in the nature of easements. *Attorney General* v. *Abbott,* 154 Mass. 323, 329, 28 N. E. 346; *Porter* v. *International Bridge Co.,* 200 N. Y. 234, 245, 93 N. E.

716; 18 C. J. 110; 26 C. J. S. 134. The most cursory examination of the Connecticut Practice Act and rules of court shows the extreme liberality accorded the pleader who comes into court. It is still required, however, that there must be support in the pleadings for the conclusions on which the judgment is based. *Farnham* v. *Schreiber*, 111 Conn. 38, 40, 149 A. 393. The subject is concisely treated and many of the relevant cases cited in the comparatively recent case of *Frosch* v. *Sears, Roebuck & Co.*, 124 Conn. 300, 303, 199 A. 646. "The rule is too well established to require citation of authority that a judgment based upon facts found by the trial court but not involved in the issues raised by the pleadings is erroneous." *Shaw* v. *Spelke*, 110 Conn. 208, 214, 147 A. 675. The defendants did not waive their rights. They objected to evidence which failed to come within the issues pleaded but were overruled by the court. See *Spitz* v. *Abrams*, 128 Conn. 121, 123, 20 A. 2d 616.

The claim in the complaint is that the members of the plaintiff association are prevented from using their own land. The public is not mentioned, to say nothing of dedication. The plaintiff attempts to import the issue of dedication into the case by invoking the doctrine of equitable estoppel, but that doctrine "is available only for protection, and cannot be used as a weapon of assault." *Dickerson* v. *Colgrove*, 100 U. S. 578, 580, 25 L. Ed. 618, quoted in *Stanio* v. *Berner Lohne Co.*, 127 Conn. 431, 435, 17 A. 2d 502. To the Connecticut cases there cited might be added *Townsend Savings Bank* v. *Todd*, 47 Conn. 190, 219; *DuCotey* v. *Wilkenda Land Co.*, 100 Conn. 255, 260, 123 A. 265. An estoppel may arise to perfect an incomplete dedication, but the facts on which the claimed dedication is based must first be shown. See *Kent* v. *Pratt*, 73 Conn. 573, 578, 48 A. 418; *LaChappelle* v.

*Jewett City*, 121 Conn. 381, 386, 185 A. 175; 16 Am. Jur. 401.

As stated above, the case made by the pleadings was a simple suit to determine the title to the land in question. This issue was not determined. The plaintiff did not insist, since it received all it wanted by the judgment rendered.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.