[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike paragraph 6 of every count of the defendants' counterclaim, paragraph 10 of Count Two of defendants' counterclaim and Counts Two, Five and Six of defendants' counterclaim in their entirety.
At issue is:
1. Whether paragraph six of each count of defendants' counterclaim purports to set forth all the elements of a cause of action of a breach of fiduciary duty;
2. whether Count Two of defendants' counterclaim states facts that would, if proved, support a cause of action for fraudulent misrepresentation;
3. whether, as a matter of law, defendants may assert equitable estoppel in Count Five of their counterclaim;
4. whether defendants may assert a claim under CUTPA, Conn. Gen. Stats. 42-110a, et seq., against plaintiff bank.
By amended three-count complaint dated April 30, 1990, plaintiff, Bank of Boston Connecticut (Bank) is seeking, inter alia, to recover on a promissory note executed by defendants, Balbrae Associates, Ltd., William R. L. Mead, and Johanna Mead, (Meads) in favor of plaintiff Bank. The plaintiff's complaint also seeks to foreclose on a mortgage securing said note. Plaintiff alleges the following facts in its complaint.
Defendants Balbrae Associates, Ltd., William Mead and Johanna Mead executed a promissory note dated May 18, 1988 in the amount of $15,200,000.00, or "so much as was advanced by" plaintiff Bank. Plaintiff has attached a copy of said note to its complaint. To secure the note, defendant Balbrae Associates, Ltd. mortgaged to plaintiff a piece of land known as Balbrae Condominium, located in Bloomfield, Connecticut. By agreement dated May 18, 1988, defendant Irving R. Napert agreed to guarantee the payment of principal, interest and any other charges provided in the note and mortgage. Defendants, Balbrae CT Page 101 Associates, Ltd., the Meads and Napert have failed to pay the principal, remaining unpaid interest and late charges due on the note totalling $6,470,192.84, which was due and payable on September 1, 1989.
On July 2, 1990, defendants Balbrae Associates, Ltd., and William and Johanna Mead jointly filed an answer, special defenses and a six-count counterclaim alleging, breach of contract, fraud and misrepresentation, breach of covenant of good faith and fair dealing, equitable estoppel, and CUTPA, Conn. Gen. Stats. 42-110a et seq. On October 15, 1990, pursuant to Conn. Practice Book 152 et seq., plaintiff moved to strike portions of defendants' counterclaim. Specifically, plaintiff moved to strike paragraph six of each count of defendants' counterclaim and paragraph ten of Count Two of defendants' counterclaim, all of which allege that a fiduciary relationship existed between plaintiff and the defendants, Balbrae Associates, Ltd., and the Meads, on the ground that there cannot be a fiduciary relationship between a borrower and lender. Plaintiff has also moved to strike Count Two in its entirety on the ground that Count Two fails to state a claim of fraudulent misrepresentation. Plaintiff has moved to strike Count Five of defendants' counterclaim on the ground that equitable estoppel may not be asserted as a cause of action but only as a special defense. Lastly, plaintiff has moved to strike Count Six of defendants' counterclaim on the ground that CUTPA, Conn. Gen. Stats. 42-110a does not apply to banks. Plaintiff has filed a memorandum of law in support of its motion. Defendants Balbrae Associates, Ltd., and the Meads have jointly filed a memorandum in opposition.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). If the facts provable under the pleading's allegations would support a cause of action, the motion to strike must fail. Id. at 108-09. The motion to strike, which has replaced the demurrer in Connecticut; Id. at 108; "may only be used to test the sufficiency of an entire cause of action or defense and should be overruled when addressed . . . to separate paragraphs which do not purport to set forth all the essential allegations of the pleading." Cieszynski v. Franklin Corporation, 25 Conn. Sup. 342, 346
(Super.Ct. 1964).
Insomuch as plaintiff's motion to strike is directed to paragraph six of each count of defendant's counterclaim, the motion is denied for the reason that these paragraphs do not purport to set forth the essential elements of a cause of action for a breach of fiduciary duty. Specifically, as defendants indicate in their memorandum of law in opposition to CT Page 102 plaintiff's motion to strike, paragraph six must be read in conjunction with paragraph five, and therefore, defendants have not attempted to plead a single cause of action in one paragraph. Accordingly, plaintiff's motion to strike paragraph six of each count of defendants' counterclaim is denied.
It is unnecessary individually to address plaintiff's motion to strike paragraph ten of Count Two of defendants' counterclaim since the plaintiff has moved to strike Count Two in its entirety.
Defendants have attempted to plead a cause of action in fraud in the second count of their counterclaim. In Miller v. Appleby, 183 Conn. 51 (1981) the Connecticut Supreme Court stated,
 The essential elements of an action in fraud as we have repeatedly held, are: (1) that the false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury.
Id. at 54-5.
The defendants have failed to allege the first and second elements of a cause of action in fraud in the second count of their counterclaim. Accordingly, the plaintiff's motion to strike Count Two of the defendants' counterclaim is granted.
Defendants allege in Count Five of their counterclaim that "Because several representations and promises were made by the plaintiff, inducing reliance on the part of the Defendants, and because the plaintiff knew, or should have known of the operations of the Defendants, and further knew that to cease funding the project and to prohibit sales would result in a complete cessation of further construction, development, expansion and sales of the condominium units, the Plaintiff was and is estopped to terminate said agreements and discontinue financing and prohibit sales . . . . "
Plaintiff has moved to strike Count Five of defendants' counterclaim on the ground that equitable estoppel cannot be asserted as a cause of action.
 Equitable estoppel is the effect of the voluntary conduct of a party whereby he CT Page 103 is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, . . . as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse.
Bozzi v. Bozzi, 177 Conn. 232, 241 (1979). The Connecticut Supreme Court has repeatedly held that "[e]quitable estoppel is available only for protection and cannot be used as a weapon of assault." Dickau v. Town of Glastonbury, 156 Conn. 437,442 (1968), quoting Hebb v. Zoning Board of Appeals, 150 Conn. 539,543 (1963); Robinson v. Atterbury, 135 Conn. 517, 519
(1949), Lake Garda Improvement Association v. Lake Garda Co.,135 Conn. 240, 242 (1949); see also, Banerjee v. Roberts,641 F. Sup. 1093, 1107 (D.Conn. 1986).
The defendants' position in their opposing memorandum of law that "equitable estoppel may be asserted as a claim for relief," is contrary to the law enunciated in the foregoing cases. The defendants have improperly attempted to invoke equitable estoppel as a "weapon of assault" in Count Five of their counterclaim. Accordingly, plaintiff's motion to strike Count Five of defendants' counterclaim is granted.
Defendants have incorporated the allegations of their first count into the sixth count and further allege that the plaintiff's conduct constitutes a violation of CUTPA, Conn. Gen. Stats. 42-110a et seq. Plaintiff has moved to strike the defendants' sixth count on the ground that CUTPA, Conn. Gen. Stats. 42-110a et seq. does not apply to banks.
A split of authority exists within the Connecticut Superior Courts regarding the applicability of CUTPA, Conn. Gen. Stats. 42-110a et seq., to banks. See Financial Federal Savings Bank v. Breen, 2 CTLR 528 (October 31, 1990, Freed, J.) (conflict discussed). Moreover, the Connecticut Supreme Court recently refrained from deciding the issue in Gaynor v. Union Trust Co., 216 Conn. 458, 482-83 (1990).
In Weisman v. Westport Bank and Trust, 1 CSCR 283 (April 30, 1986, Zoarski, J.), the court, Zoarski, J., held that banks are not exempt from the reach of CUTPA, Conn. Gen. Stats.42-110a, et seq., and therefore denied the defendant bank's motion to strike the plaintiff's fourth count which alleged a CUTPA violation by the bank. In concluding that banks are not entitled to an exemption, the court reasoned,
When interpreting a statute, "It is not the CT Page 104 function of the courts to read into clearly expressed legislation provisions which do not find expression in its words." Mozzochi v. Glastonbury, 188 Conn. 276, 279 (1982). When determining the extent of a legislative exception, courts should "not interpret legislation to enlarge on a legislative exception," State v. Tirello, 183 Conn. 330, 335 (1981). In the instance case, no explicit exemption exists exempting the banking institution from the coverage of CUTPA. Under statutory interpretation analysis granting the banking institution such an exemption may be an improper judicial expansion of a legislative exception.
Id. at 284.
In Weisman, the court stated further that,
 The scope of CUTPA is one that has been increasing in recent years. Langer and Ormstedt, "The Connecticut Unfair Trade Practices Act," 54 Conn. B.J. 338, 392 (1980). The only activities specifically exempt from CUTPA are those activities specifically permitted under law by a regulatory agency. Conn. Gen. Stats. 42-110c(1) (revised to 1985). It is possible to find methods, acts of practices not heretofore specifically declared unlawful by the FTC or the federal courts to be prohibited by the CUTPA." [citation omitted]. Therefore, CUTPA can be found to apply to banking activity.
Id. at 824.
The court adopts the reasoning of the court in Weisman v. Westport Bank and Trust. Accordingly, plaintiff's motion to strike Count Six of defendants' counterclaim is denied.
M. HENNESSEY, J.