******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MASON PERRONE *v.* BUTTONWOOD FARM ICE
CREAM, INC.
(AC 36935)

Alvord, Sheldon and Keller, Js.

*Argued March 5—officially released July 14, 2015*

(Appeal from Superior Court, judicial district of New
London, Cole-Chu, J.)

*Peter J. Bartinik, Jr.,* for the appellant (plaintiff).

*Christian A. Sterling,* for the appellees (defendant
Kimberly L. Button et al.).

*Opinion*

PER CURIAM. The plaintiff, Mason Perrone, appeals from the judgment of the trial court dismissing his claims in this action against the defendants Duane Button and Kimberly Button (individual defendants).[1] On appeal, the plaintiff argues that the court improperly granted the individual defendants' motion to dismiss for lack of personal jurisdiction due to insufficient service of process. We disagree with the plaintiff, and therefore affirm the judgment of the trial court.

This action concerns an incident that allegedly occurred on July 31, 2011, while the plaintiff was picking and transporting sunflowers as a volunteer at Buttonwood Farm, a farm owned by the named defendant, Buttonwood Farm Ice Cream, Inc. (corporation), in the town of Griswold. The plaintiff has alleged that on that date, as he was sitting on the back of a trailer being pulled by a tractor operated by an employee of the corporation, he was injured when another vehicle, also operated by an employee of the corporation, collided with the back of the trailer and crushed his foot.

On September 10, 2012, the plaintiff filed a one count complaint against the corporation, alleging that he had sustained injuries due to the negligence of the corporation, acting by and through its agents, the two drivers of the vehicles involved in the collision (pending action). On July 12, 2013, the plaintiff filed a motion, pursuant to General Statutes § 52-102, "to cite in and serve" the individual defendants, on the ground that they, as the owner/operators of the corporation, were necessary parties to the determination or settlement of his pending action against the corporation. The plaintiff attached to his motion a proposed amended three count complaint, which he sought the court's permission to serve upon the individual defendants to make them parties to the pending action. On August 1, 2013, the court, *Hon. Paul M. Vasington*, judge trial referee, granted the plaintiff's motion to cite in.

The plaintiff, however, never served the individual defendants with the proposed amended three count complaint that had been attached to, and approved for service upon them by the granting of, his motion to cite in. Instead, on July 19, 2013, almost two weeks *before* the court ruled on his motion to cite in, the plaintiff served the individual defendants with a new summons and a different, one count complaint stating claims against them that were identical to those set forth in the proposed amended three count complaint. The new summons and complaint did not bear the caption of the pending action against the corporation, nor did it identify the corporation as a party to the action in which those claims were made.

On August 5, 2013, instead of returning the new summons and complaint to the Superior Court, along with

the appropriate filing fee, to commence a new action against the individual defendants, the plaintiff filed the new complaint as a pleading in his pending action against the corporation. To accomplish this result, the plaintiff's attorney crossed out the return date on the new summons and added, in handwriting, the docket number of the pending action against the corporation. Thereafter, on August 9, 2013, the plaintiff requested leave of the court in his pending action against the corporation to amend his complaint, "in order to consolidate two complaints into one."

On September 25, 2013, the individual defendants moved to dismiss the claims filed against them in the pending action for lack of personal jurisdiction due to insufficient service of process. More specifically, the individual defendants contended that service of the plaintiff's new complaint against them had been invalid, in and for the purpose of making them additional defendants in his pending action against the corporation, because the plaintiff had not yet been granted permission to cite them in at the time he effected such service upon them. On February 24, 2014, the court, *Cole-Chu*, *J.*, granted the individual defendants' motion to dismiss, ruling, inter alia, that it lacked personal jurisdiction over the individual defendants, for the purpose of the present case, because the plaintiff served them with process before he had obtained the court's permission to do so.[2]

On appeal, the plaintiff claims that service of process was proper in this instance, and thus that the court erred in granting the individual defendants' motion to dismiss. We disagree.

As a preliminary matter, we set forth the governing standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Emphasis omitted; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bialobrzeski*, 123 Conn. App. 791, 795, 3 A.3d 183 (2010).

The joinder statute, § 52-102, provides that "[u]pon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the

plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy." General Statutes § 52-102.

By its plain language, § 52-102 conditions the right of a party to bring new parties into a pending action upon his filing and the court's granting of a motion for permission to do so. The court is vested with authority to control the process by which new parties are added to pending actions to protect the interests of all other parties, and of the court itself, in the fair and efficient adjudication of all proper claims and defenses. A motion to cite in notifies the court of the grounds upon which the plaintiff seeks to summon additional parties to the existing lawsuit. *Woods* v. *Lavitt*, 110 Conn. 668, 669, 149 A. 392 (1930). The proposed amended complaint provides the basis for any judgment against the added party. See id. A court's order, pursuant to § 52-102, permitting the joinder of the additional parties, authorizes an expansion of a civil action that was previously commenced. See *Aqleh* v. *Cadlerock Joint Venture II, L.P.*, 299 Conn. 84, 96, 10 A.3d 498 (2010).

In the present case, the plaintiff served the individual defendants with a summons and one count complaint that appeared, on their face, to initiate a new lawsuit. The corporation was not named as a party defendant in the new complaint. After the court granted the motion to cite in, the plaintiff's attorney took the one count complaint, alleging only the negligence of the individual defendants, and filed it with the court in lieu of the proposed amended three count complaint that he had previously sought and later obtained the court's permission to serve and file.[3] The service of such process without prior judicial authorization under § 52-102 was improper. We therefore conclude that the court properly dismissed the plaintiff's claims against the individual defendants in the present action on the ground that it lacked personal jurisdiction over them due to insufficiency of service of process.

The judgment is affirmed.

[1] The named defendant, Buttonwood Farm Ice Cream, Inc., is not the subject of this appeal. We refer to it in this opinion as the corporation.

[2] The court granted the individual defendants' motion to dismiss on three grounds: lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficiency of service of process. We will confine our discussion of the court's ruling to the ground asserted by the individual defendants in their motion.

[3] At oral argument before this court, the plaintiff's attorney stated that he pursued this course of action in anticipation that, if his motion to cite in was not granted by the court, the court would allow him to file the summons and complaint as a separate suit, presumably to avoid problems with respect to the statute of limitations, which was due to expire July 31, 2013.