JOHN LAGO *v.* DONALD B. GUERRETTE ET AL.
(14220)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and F. X. HENNESSY, Js.

---

Argued March 27—decision released June 18, 1991

*Robert P. Hanahan,* for the appellants (defendants).
*Brian Tynan,* for the appellee (plaintiff).

COVELLO, J. This is an action to quiet title with respect to an easement that allegedly crosses the defendants' real property on Janet Avenue, Wolcott. The trial court concluded that the plaintiff had an easement by deed over the disputed right of way and rendered judgment accordingly. The issue presented on appeal is whether, as a matter of law, the easement granted to the plaintiff includes the right to pass over the defendants' land. We conclude that there was substantial evidence to support the trial court's conclusion and therefore affirm the judgment.

The predicate facts are not in dispute. The plaintiff's land is part of what was once a larger tract located on the southerly side of Route 69, Wolcott. Ina M.

MacLeod originally owned all of this land. Beginning in 1936, MacLeod conveyed out six parcels from within the tract that abutted, either on the east or west, an old wood road that ran from north to south through the middle of the tract. In the deeds to those parcels MacLeod variously described the road as "Old Wood Road," "old wood road," a "proposed 25 foot passway," a "25 foot passway," or a "25 foot wood road." In each deed, with one exception,[1] MacLeod granted to the purchaser an easement authorizing the use of this road. MacLeod variously described the easement as follows: "Together with a right of way . . . over said 25 foot wood road running from the State Highway southerly to the land herein described"; "[t]ogether with a right of way in common with others over the said old wood road"; and "[t]ogether with a right of way . . . to be used in common with others, over said 25 foot passway which runs from the State Highway southerly to the land herein described."

On December 3, 1941, MacLeod conveyed the remainder of her land, the extreme southerly portion of the original tract, to Joseph Brilsky. In that deed MacLeod recited that the property was conveyed: "Subject to a right of way mentioned in a deed to Arthur J. Bouchard and in a deed to Anna B. Brilsky over a 25 foot wood road running from the State Highway southerly to the land conveyed to said Arthur J. Bouchard and now owned by Anna B. Brilsky." The Bouchard/Anna Brilsky parcel thus described is located to the immediate northeast of the land that MacLeod conveyed to Joseph Brilsky. In the deed to Joseph Brilsky, MacLeod further stated that the property was

---

[1] On November 4, 1940, Ina M. MacLeod conveyed to Stanley Wysoski a 200 foot by 300 foot parcel that abutted the old wood road on the west. Although the land is described as being bounded "Easterly on a proposed 25 foot passway, 200 feet," the deed did not contain a grant of authority to use the passway.

conveyed: "[t]ogether with a right of way to the Grantee, his heirs and assigns, to be used in common with others over [a] . . . 25 foot wood road or passway . . . running from the State Highway southerly to the land herein conveyed." Thus, when MacLeod conveyed the parcel to Joseph Brilsky, she did not further burden it with the right of way that she had reserved for the use of the earlier grantees to whom she had conveyed land.

On May 20, 1954, Frances P. Dihlman conveyed to the same Joseph Brilsky a substantial tract located on the northerly side of Janet Avenue, Wolcott. The northerly boundary of this land abutted the southerly boundary of the land that Brilsky purchased from MacLeod. The deed from Dihlman to Brilsky contained no easements or rights of way relevant to the present dispute.[2]

On October 6, 1969, Brilsky conveyed a portion of the southerly part of the MacLeod tract to the plaintiff, John Lago. The deed described the land as being bounded: "Westerly 200 feet on Janet Lane, so-called, a/k/a Old Wood Road." The deed further stated that the property was conveyed: "Together with a right of way in common with others over Janet Lane, so-called, a/k/a Old Wood Road." This was not the first time that Brilsky had referred to a portion of his property as Janet Lane. On November 13, 1967, Brilsky had conveyed the southwest corner of the tract that he received from Dihlman to Richard W. Schilling and Patricia G. Schilling. That deed stated that the property was bounded: "Easterly—143 feet, more or less, by Janet Lane, a private passway." The defendants' property lies to the immediate east and abuts the land described in the Schilling deed. Thus the Schilling deed raised the clear implication that Brilsky perceived that a private passway burdened the westerly portion of the land that ultimately became the defendants' property.

While both parties agree that the defendants' property is burdened by a right of way, they dispute the extent of the use authorized over the right of way. The

---

[2] The deed from Dihlman to Brilsky stated in pertinent part: "Said premises are conveyed free and clear of all encumbrances except as follows . . . (2) Easement—Frances Dihlman to The Southern New England Telephone Company . . . [giving] the right to construct and maintain poles on all private or public streets or passways and right to erect guys, anchors, etc. on property adjoining streets or passways."

plaintiff argues that his "right of way in common with others over Janet Lane, so-called, a/k/a Old Wood Road" as contained in his deed from Joseph Brilsky, gave him the right to pass southerly from his property out to Janet Avenue on the south. The defendants, on the other hand, argued that the private passway southward to Janet Avenue referred to in the Schilling deed, was only for the benefit of the Schillings and the Guerrettes and the right of way conveyed to the plaintiff only authorizes northward travel out to Route 69.

The attorney trial referee, having heard the testimony of two title experts, having examined the various deeds and maps, and having personally viewed the disputed area, concluded in his report that: "By virtue of his October 6, 1969 Deed from Joseph Brilsky (Plaintiff's Exhibit # 1), the Plaintiff has 'a right of way in common with others over Janet Lane so called a/k/a Old Wood Road' *southerly* to Janet Avenue." (Emphasis in original.) The trial court accepted the attorney trial referee's report and rendered judgment for the plaintiff in accordance with the report. The defendant appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

On appeal, the plaintiff argues that the conclusion that Brilsky's grant to the plaintiff of a right of way included the right to travel southward out to Janet Avenue, "was a conclusion of law that was erroneously made as a matter of law and should be reversed on appeal." We do not agree.

"For a determination of the character and extent of an easement created by deed we must look to the language of the deed, the situation of the property and the surrounding circumstances in order to ascertain the intention of the parties. *American Brass Co.* v. *Serra,*

104 Conn. 139, 142, 132 A. 565 (1926). The language of the grant will be given its ordinary import in the absence of anything in the situation or surrounding circumstances which indicates a contrary intent. Ibid. Any ambiguity in the instrument creating an easement, in a case of reasonable doubt, will be construed in favor of the grantee. *Gager* v. *Carlson,* 146 Conn. 288, 298, 150 A.2d 302 (1959)." *Mackin* v. *Mackin,* 186 Conn. 185, 189, 439 A.2d 1086 (1982).

" 'The meaning and effect of the reservation are to be determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances . . . and its interpretation presented a question of law. . . .' *Taylor* v. *Dennehy,* 136 Conn. 398, 402, 71 A.2d 596 (1950) . . . ." (Citations omitted.) *Kelly* v. *Ivler,* 187 Conn. 31, 39, 450 A.2d 817 (1982).[3]

In the deed from Brilsky to the plaintiff, the property was described as being bounded: "Westerly 200 feet on Janet Lane, so-called, *a/k/a Old Wood Road.*" (Emphasis added.) The only "Old Wood Road" in Brilsky's chain of title was the easement that passed northward to Route 69. The same deed, however, granted to the plaintiff: "[A] right of way in common with others over *Janet Lane, so-called,* a/k/a Old Wood Road." (Emphasis added.) Although there was no evidence as to the etiology of the name "Janet Lane," other than its being a creation of Brilsky, it having appeared for the first time in his deeds to the Schillings and to the plaintiff, it certainly was inferable that there was some linkage in Brilsky's mind between "Janet Lane" and "Janet Road," the public highway that lay to the south.

---

[3] See also *Aetna Life & Casualty Co.* v. *Bulaong,* 218 Conn. 51, 59 n.6, 588 A.2d 138 (1991).

We are satisfied that the intent of the parties as expressed in the deed from Brilsky to the plaintiff was to grant the plaintiff an easement both north to Wolcott Road and south to Janet Avenue. The trial court's decision accepting the report of the attorney trial referee was therefore correct.

The judgment is affirmed.

In this opinion the other justices concurred.