[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this action in three counts, the first seeking to quiet title pursuant to Conn. Gen. Stat. 47-31 to a parcel of real estate in Cornwall, which it claims under a 1926 deed from the heirs of Silas Patterson, the second claiming title to the parcel by adverse possession and the third seeking a reformation of the deed.
The evidence at trial established that Silas Patterson acquired title to the parcel at issue, known as the Wright lot, by deed dated November 20, 1883, and recorded in the Cornwall land records in volume 22, page 88. Also during his lifetime, Silas Patterson acquired property known as the Bonney farm in July, 1875 and the Harrison farm in September, 1875; all three of these properties were contiguous to each other and were located south of Dudleytown Road. Silas Patterson also acquired a four acre lot with a house thereon north of Dudleytown Road from his brothers Burton and Henry Patterson. Silas Patterson died in 1914. The inventory of his estate filed in the Probate Court in Cornwall listed the four acre parcel and a 200 acre parcel entitled Home Farm. It was undisputed that the inventory contains no separate listing for the Wright lot. In 1916, a certificate of distribution was prepared listing twelve parcels of real estate, seven of which were located in Cornwall and was recorded in the Cornwall land records. The certificate listed a parcel entitled Home Farm, which the parties agree contained the four acre parcel as well as the parcel shown on the inventory as the 200 acre Home Farm, described as containing 200 acres of land "more or less." In March, 1915, the widow of Silas Patterson, Mary Patterson quitclaimed her interest in the Home Farm to her six children using the same description contained in the certificate of distribution. The deed by which plaintiff took title from the six Patterson children (Pl. Exh. 2) contains a description different from the certificate of distribution. Plaintiff's expert witness, Mr. Bolte attributed, credibly, such differences to the fact that some of the abutting property had been sold. The calls in both the certificate of distribution and the deed to plaintiff give only the bounds and do not contain description of the lines. While plaintiff's deed describes the parcel conveyed as containing two hundred and four acres more or less, if the Wright lot, the four acre parcel north of Dudleytown Road, the Harrison farm and the Bonney farm are included in that deed, the actual acreage taken from the deeds by which Silas Patterson acquired title was 209 acres.
Based on the evidence presented, if the Wright lot were not included in the "Home Farm" described in the certificate of distribution as "containing in all about 200 acres of land more or less," it was also omitted from the inventory of Silas Patterson's estate which contained two separate parcels, the four acre parcel and a 200 acre parcel "Home Farm." The calls in the certificate of distribution and plaintiff's deed enclose a parcel CT Page 8346 which includes the Wright lot, and give effect to the calls for each abutter, omitting only a three hundred foot strip on Pritchard Road to the south.
Defendants Tyson, Lynch and Stearns argue that this omission, coupled with the description as 204 acres more or less make it unlikely that plaintiff's deed passed title to the Wright lot. In construing a deed, the language and terms of the instrument as a whole must be considered. Lake Garda Improvement Assn. v. Battistoni, 160 Conn. 503, 511-12 (1971). The issue is what the intent of the parties was. Id. at 512; Cf. Lago v. Guerrette, 219 Conn. 262, 267 (1991). That inquiry is into the intent expressed in the instrument; what was said in it and not what was meant to be said. Lake Garda Improvement Assn. v. Battistoni, 160 Conn. at 512.
Taking all the evidence received at trial into account, the court finds the testimony of plaintiff's expert most credible. If the Wright lot is not included in the plaintiff's deed, it was not inventoried in the estate of Silas G. Patterson nor was it included in the certificate of distribution. In light of the fact that the son of Silas Patterson, Charles G. Patterson, was the administrator of the estate, that result seems highly unlikely. The omission of a 300 foot frontage on Pritchard Road pales in comparison with the consistency of calls for abutting property owners as between the certificate of distribution and plaintiff's deed. The inclusion of a southerly call for Henry Beauvais in plaintiff's deed is proper only if the Wright lot is included. Likewise, a southerly call in the certificate of distribution for Jacob Engisch is proper only if the Wright lot is included in the "Home Farm" description. Indeed if the Wright lot were not included in either, each should have contained a southerly call for the Wright lot. When the conservator of Charles Patterson sold property abutting the Wright lot, it was included as a call. (Defendant's Exh. 11). While defendant Tyson testified as an expert title searcher, she can hardly be denominated a disinterested witness. On the whole, the court finds the testimony of Mr. Bolte the more credible. The court finds as additional weight to plaintiff's claim the fact that plaintiff produced the original deed by which Silas Patterson acquired title to the Wright lot. Plaintiff has sustained its burden of proving it has fee simple title to the Wright lot by a fair preponderance of the evidence.
Since the court finds that plaintiff has record title to the Wright lot, it need not address the issues of adverse possession or reformation of the deed. DeVita v. Esposito, 13 Conn. App. 101, 107-108 (1987).
SUSCO, J.