[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #163
The plaintiffs, Middletown Commercial Associates Limited Partnership (MCALP) and Simon Konover, bring this action against the City of Middletown, the Middletown Parking Authority and One Court Street, Inc., for claims arising out of a Parking Agreement allegedly in force between the parties. On August 25, 1992, the plaintiffs filed their seven-count amended complaint alleging breach of contract, breach of an implied covenant of good faith and fair dealing, estoppel, breach of easement, and an unlawful taking. The following facts are taken from the plaintiffs' amended complaint.
The original parties to the disputed Parking Agreement were the plaintiffs' predecessor in interest, the River Valley Development Corporation (Redeveloper), and the City of Middletown (City). The Redeveloper and the City were participants in the Center Street Redevelopment Project, which was approved by two referenda held in CT Page 2674 Middletown on January 25, 1959 and August 21, 1963. The City's Redevelopment Plan provided for the acquisition, clearance and redevelopment of certain property located in Middletown and bounded generally by Main Street on the west, Court Street on the north, DeKoven Drive on the east, and College Street on the south. The City acquired the subject property by eminent domain. Under the Redevelopment Plan, the City was obligated to provide multi-level parking facilities on a section of the property designated as parcel AB.
On March 6, 1963, the Redeveloper agreed in writing with the City to purchase and develop two parcels on the subject property, designated parcels AA and AC, in accordance with the Redevelopment Plan. In a separate instrument dated October 9, 1963, the Redeveloper and the City entered into a Parking Agreement, which is the subject of the current dispute. Under this agreement, the City agreed to construct, operate and maintain a parking facility on a parcel designated as parcel AB, to accommodate not less than 600 cars. The Redeveloper was granted the right of all reasonable ingress and egress from the parking facility, as well as the privilege of providing one free hour of parking to its tenants and their customers for a stipulated fee set out in the agreement. The term of the agreement was thirty-five years from the opening date of a Sears, Roebuck and Company store on the property, and it provided that the "Agreement shall be binding upon the successors and assigns of the parties thereto." The Sears store opened on April 19, 1965.
Subsequently, on December 6, 1991, the City conveyed a portion of Parcel AB to defendant One Court Street, as part of a plan to construct a new courthouse. The current plaintiffs acquired title to parcel AA and a portion of parcel AC from the original Redeveloper. On April 23, 1992, the plaintiffs filed an application for temporary injunction and complaint, seeking to temporarily and permanently enjoin the proposed closing of the garage, as well as money damages. The temporary injunction was denied by the court (Austin, J.) on May 4, 1992. As part of its decision the court ruled that the Parking Agreement did not constitute an easement, after hearing evidence on both sides. The parking garage was then closed for a period of time between May 1, 1992 and June 4, 1992, to facilitate the construction of the new courthouse. The parking capacity has now allegedly been reduced by 175 spaces due to the partial destruction of a section of the parking garage.
On September 3, 1992, the City and the Parking Authority filed a motion to strike the sixth count of the amended complaint, the easement claim, asserting that Judge Austin's ruling on the Parking Agreement was a final and binding judgment from which the plaintiffs were required to appeal. The motion to strike was denied by the court (Walsh, J.) on the CT Page 2675 grounds that a decision to deny a temporary injunction is not a final judgment. The breach of easement claim is still in the case.
On November 2, 1993, defendant One Court Street filed a motion for summary judgment on the ground that there is no genuine issue of material fact with regard to counts one, five and six. On the breach of easement claim in count six, One Court Street asserts that the Parking Agreement does not create an easement as a matter of law, and further does not prevent One Court Street from eliminating the parking structure for better utilization of the land. On the breach of contract claim in count two, One Court Street asserts that it is not a party to the Parking Agreement, and further that the Agreement does not guarantee the plaintiffs that there would be no reduction in parking capacity in the garage. Finally, with respect to the estoppel claim in count five, One Court Street argues that the claim does not state a cause of action as a matter of law. The plaintiffs filed a memorandum in opposition along with accompanying affidavits and documentation on December 3, 1993.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989), citing Dowling v. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Citations omitted.) State v. Goggin, 208 Conn. 606, 615,546 A.2d 250 (1988). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Id., 616.
Breach of Easement
The first consideration is whether any provision of the Parking Agreement originally entered into between the Redeveloper and the City created an express easement in parcel AB. An easement is an interest in land in the possession of another, which entitles the owner of such interest to a limited use or enjoyment of the land in which the interest exists. Restatement of Property, 450, Comment a (1940). In some cases a restrictive covenant can be considered an easement constituting an interest in the land upon which it is imposed. Hartford National Bank Trust Co. v. Redevelopment Agency, 164 Conn. 337,341, 321 A.2d 469 (1973), citing Stamford v. Vuono, 108 Conn. 359,143 A. 245 (1928). In contrast, "[a] license in real property is defined as a personal, revocable, and unassignable privilege, conferred either by CT Page 2676 writing or parol, to do one or more acts on land without possessing any interest therein." (Emphasis omitted.) State v. Grant, 6 Conn. App. 24,29, 502 A.2d 945 (1986), citing 25 Am.Jur.2d, Easements and Licenses 123.
When interpreting an express easement contained in a deed, "[t]he meaning and effect of the reservation are to be determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances . . . and its interpretation present[s] a question of law." Taylor v. Dennehy, 136 Conn. 398, 402, 71 A.2d 596
(1950); citing Mills v. Roto Co., 104 Conn. 645, 647, 133 A. 913 (1926); see Lago v. Guerrette, 219 Conn. 262, 267-68, 592 A.2d 939 (1991); Kelly v. Ivler, 187 Conn. 31, 39, 450 A.2d 817 (1982). In the present case, the alleged easement was created not by express reservation in a deed, but rather in a separate written contract between the parties. "Where the meaning of a written contract is ascertainable from the instrument itself or where, although the writing is ambiguous the meaning is to be judged or its ascertainment aided by extrinsic circumstances, and the facts as to such circumstances are undisputed, the construction is for the court, even in a jury trial." Mills v. Roto Co., supra, 647-48. "But where facts as to the circumstances surrounding the transaction and the situation and conduct of the parties bearing upon their intent in using the expressions contained in the contract are in dispute, the court should leave to the jury the determination of such facts under appropriate instruction." Id.
The various clauses in the Parking Agreement must be individually considered to determine whether in fact they convey an interest in parcel AB in the nature of an easement, or if instead they are mere licenses granted pursuant to the contract. One possible construction of the second provision, which provides that the "Redeveloper for itself, its successors, tenants, subtenants and assigns, shall have the right of all reasonable ingress and egress to and from said parking facility to Redeveloper's parcels AA and AC. . . ," is a conveyance of a right of way, in the nature of an easement. However, whether in fact this clause is sufficient to create an easement, and whether it should be characterized as an easement appurtenant or in gross, will not be decided at this time. This court is reluctant to construe the provisions of the Parking Agreement in the absence of a full evidentiary trial. See Leabo v. Leninski,182 Conn. 611, 438 A.2d 1153 (1981); Foldeak v. Incerto, 6 Conn. Cir. 416, 274 A.2d 724, cert. denied, 160 Conn. 567, 269 A.2d 293 (1970). Since One Court Street has failed in its burden of proving the non-existence of an easement as a matter of law, the motion for summary judgment on the sixth count is denied. CT Page 2677
One Court Street next argues that "easements connected with a structure's use do not curtail or hamper the servient owner's freedom to eliminate the structure for the better utilization of his land." Powell on Real Property (1990 Revision), Vol. 3, 415[2]. While the defendant does not offer any Connecticut authority recognizing this exact principle, it is true that a dedication or appropriation to public use of an interest in a servient tenement can extinguish an easement. Hartford National Bank Trust Co. v. Redevelopment Agency, supra. This argument, however, is more appropriately reserved for trial, since the court at this stage will not decide if indeed any easement actually exists, or whether the scope of any alleged easement is more than a simple right of access to Parcel AB.
Breach of Contract
The second count of the plaintiffs' complaint sounds in breach of contract, alleging that the "[t]he closure of the Parking Garage, the demolition of a portion of the Parking Garage, and the permanent reduction in the number of parking spaces in the Parking Garage by the City and One Court Street, constitutes a breach of the Parking Agreement on the part of One Court Street." Plaintiffs' Amended Complaint, Second Count. One Court Street moves for summary judgment on the grounds that it is not a party to the Parking Agreement and has not assumed any obligation under the contract, or in the alternative that the contract does not guarantee any reduction in the number of spaces.
The characterization of the rights and obligations retained by the parties under the agreement will be relevant in determining whether or not One Court Street is bound by its terms. If a particular provision of the Parking Agreement is found to be an easement appurtenant to the interest in parcel AB conveyed to One Court Street, then the defendant could be bound by the Parking Agreement to the extent of any easement granted. On the other hand, if any provision of the contract is found to be only a license of a use pursuant to the contract, then One Court Street may not be bound that provision, since a license does not convey a possessory interest in land and therefore does not run with the land to bind a subsequent purchaser. Clean Corp. v. Foston, 33 Conn. App. 197,203, ___ A.2d ___ (1993).
However, as stated above, this court will not speculate on the construction of this contract in the absence of a full evidentiary trial. See Mills v. Roto, Inc., supra; Libero v. Lumbermens Mutual Casualty Co., 143 Conn. 269, 274, 121 A.2d 622 (1956). This includes the provision of the agreement as to the number of parking spaces, if any, required under the contract. The defendant has not met its burden CT Page 2678 of persuading this court that it is not bound by any or all of the provisions of the Parking Agreement as a matter of law. Accordingly, the motion for summary judgment on count two of the plaintiffs' complaint is denied.
Estoppel
The fifth count of the complaint alleges that One Court Street is estopped to deny the validity of the Parking Agreement, since the City continued to accept payments under the contract as the agent of One Court Street pursuant to a license agreement between the two. One Court Street moves for summary judgment on the fifth count on the ground that the claim fails to state a cause of action as a matter of law.
The allegations set forth in count five sound in equitable estoppel. See Bozzi v. Bozzi, 177 Conn. 232, 241, 413 A.2d 834 (1979). It is settled law that equitable estoppel cannot be asserted as a cause of action, since the Connecticut Supreme Court has repeatedly held that "[e]quitable estoppel is available only for protection and cannot be used as a weapon of assault;" Dickau v. Glastonbury, 156 Conn. 437, 422,242 A.2d 777 (1968), quoting Hebb v. Zoning Board of Appeals, 150 Conn. 539,543, 192 A.2d 206 (1963); Robinson v. Atterbury, 135 Conn. 517, 520,66 A.2d 593 (1949); Lake Garda Improvement Association v. Lake Garda135 Conn. 240, 242, 63 A.2d 145 (1948). The allegations in count five are inappropriate in the context of this case, and summary judgment on the fifth count of the complaint is therefore granted.
JOHN WALSH, J.